**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AMELIA MARQUEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HYATT CORPORATION, et al., <br><br> Defendants. | Case No. 16-cv-06089-BLF <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO ENFORCE ORDER OF SUPERIOR COURT** |

Plaintiffs have filed a motion to Enforce Order of the Superior Court, to Enter Default, or Alternatively, Motion to Compel Production re Defendant Nicole Pascariello's ("Pascariello") Failure to Produce Documents and Provide Further Responses to Plaintiffs' First Set of Requests for Production and for Sanctions. *See* ECF 41.

Pascariello is a defendant in this employment action, although she has not yet appeared in federal court during the time since this case was removed from Monterey County Superior Court. Plaintiffs allege that Pascariello, along with the other defendants, employed them as janitorial workers and wrongfully misclassified them as independent contractors, violated wage and hour laws, and engaged in other unlawful employment practices. *See generally* Second Amended Complaint ("SAC"), ECF 1-2.

1 On July 18, 2014, when the case was still in state court, Plaintiffs served Pascariello with Requests for Documents. *See* Declaration of Phyllis Katz (Katz Decl.) ¶ 3, ECF 44; Katz Decl. Ex. 2, ECF 44-2. Pascariello served a written response on August 22, 2014 and objected to nearly all of Plaintiffs' requests. Katz Decl. ¶ 4; Ex. 3, ECF 44-3. Pascariello then served "minimal documents" in response to the discovery requests on September 22, 2014. *See* Katz Decl. Ex. 6; Declaration of Elena Dineen in support of Plaintiffs' Motion to Compel Discovery, ECF 44-6 ¶ 7. Plaintiffs' counsel then sent a meet and confer letter to Pascariello's counsel who requested a time extension to respond to the discovery. Plaintiffs were later apprised that Pascariello had filed a substitution of counsel, and Plaintiffs again provided time extensions for Pascariello to hire new counsel and to respond to the document requests. *Id.* ¶¶ 8-21.

After further unsuccessful attempts to meet and confer with Pascariello, Plaintiffs filed a motion to compel further discovery responses and request for sanctions against Pascariello in Monterey County Superior Court on March 30, 2015. *See* Katz Decl. ¶ 5, Ex. 4-6. On May 11, 2015, the Honorable Susan J. Matcham of Monterey County Superior Court granted Plaintiffs' motion to compel further discovery and ordered as follows:

(1) Each and every objection made by Defendant NICOLE PASCARIELLO to Plaintiffs' Demand for Production and Inspection of Documents Set One is overruled.

(2) Defendant NICOLE PASCARIELLO is ORDERED to produce all responsive documents in her custody, possession, and control.

(3) Defendant NICOLE PASCARIELLO is ORDERED to conduct a full and diligent search of all custodians and locations reasonably likely to have responsive documents, to produce any additional responsive documents located thereby, and to provide a response detailing their diligent search for responsive documents and confirming that all responsive documents have been produced.

(4) Defendant NICOLE PASCARIELLO is ORDERED to pay sanctions in the amount of $2,975.00.

*See* Katz Decl. ¶ 6, Ex. 1 ECF 44-1 ("Superior Court Order").

1         Pascariello has not complied with the Superior Court Order. *See* Katz Decl. ¶ 7. This action was removed to federal court on October 21, 2016. *See* ECF 1. Pascariello consented to this removal. *Id*. at 3. Despite her consent to removal, she has not appeared in this federal action or responded to communications from Plaintiffs' counsel. *See* Katz Decl. ¶ 8. Prior to filing the instant motion before this Court, Plaintiffs again made a good faith effort to resolve the dispute, but Pascariello has not responded. *Id*. ¶ 9.

        On December 7, 2017, the Court held a hearing on Plaintiffs' motion to enforce the Order of the Superior Court, to enter default, or alternatively, to compel production of documents re: Nicole Pascariello's failure to produce documents and provide further responses. Pascariello did not respond to Plaintiffs' motion or appear at the hearing despite Plaintiffs' notice to her of these proceedings. *See* ECF 45 (Proof of Service).

        The Court has reviewed Plaintiffs' Motion to Enforce the Superior Court Order in light of the underlying record in this case. For the following reasons as well as those discussed on the record at the hearing, Plaintiffs' motion is GRANTED IN PART. Pursuant to 28 U.S.C. § 1450: "Whenever any action is removed from a State court to a district court of the United States… All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." As the Supreme Court has held, state court orders remain in effect after the case is removed to federal court so long as the order does not conflict with federal law. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 436 (1974) (finding that "Congress clearly intended to preserve the effectiveness of state court orders after removal" and that "[a]fter removal, the federal court takes the case up where the State court left it off.")

        The Court finds that the Superior Court order against Pascariello is consistent with the Federal Rules of Civil Procedure governing discovery, and does not conflict with federal law. *See* Fed. R. Civ. P. 26, 34, 37. The record in the Superior Court provides a sufficient basis for this Court to enforce the Superior Court Order against Nicole Pascariello. As such, the Court hereby ADOPTS the Order of the Superior Court Compelling Further Discovery. *See* ECF 44-1. In so doing, each of Pascariello's objections to Plaintiffs' requests for production are OVERRULED.

Nicole Pascariello is ORDERED to comply with the Superior Court's Order **on or before December 22, 2017.** The Court hereby informs Ms. Pascariello that failure to comply with this Order may subject you to terminating sanctions and further monetary sanctions.

**IT IS SO ORDERED.**

Dated: December 7, 2017

_____
BETH LABSON FREEMAN
United States District Judge