Phyllis Shafton Katz (SBN 138341)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93905
Telephone: (831) 757-5221
Facsimile: (831) 757-6212

Cynthia L. Rice (SBN 87630)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
1430 Franklin Street, Suite 103
Oakland, CA 94612
Telephone: (510) 267-0762
Facsimile: (510) 267-0763

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA MARQUEZ, LORENZO DIEGO CANO, MARIA TONAYAN REYES, AND AARON LUGO HERNANDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>NLP JANITORIAL, INC., COAST TO COAST WEST, INC., et al.<br><br>Defendants. | Case No.: 5:16-cv-06089<br><br>Hon. Beth Labson Freeman (Courtroom 3)<br><br>**DECLARATION OF CYNTHIA L. RICE IN SUPPORT OF ENTRY OF DEFAULT JUDGEMENT AGAINST NICOLE PASCARIELLO, NLP JANITOIRAL, INC., AND COAST TO COAST WEST, INC.**<br><br>Date:  May 23, 2019<br>Time: 9:00 AM<br>Location:  Courtroom 3 |

I, Cynthia L. Rice, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice in the U.S. District Court for the Northern District of California.

2. I have reviewed the Declarations submitted by the Plaintiffs in this matter as well as the documents produced in discovery included as exhibits to the Declaration of Phyllis Katz. Under my direction the information from those declarations and exhibits were entered into spreadsheets which include the days and pay periods worked and wages paid to each of the Plaintiffs during the four-year period preceding the filing of the complaint.  Except for the overtime claim, made under the federal law in the Second Amended Complaint, the causes of action are all made under state law, and therefore guided by the California Labor Code.

3. Attached as **Summary Exhibit 1** is the spreadsheet which is a summary of the evidence as to the underpaid wages, liquidated damages, statutory penalties and civil PAGA penalties due Plaintiff Amelia Marquez.  Plaintiffs have established by declaration that they worked for Defendants between February 19, 2010 and March 2, 2013 and suffered labor law violations during that time.  Various statutory penalties, civil penalties and statutory damages are calculated on a pay period basis (Cal. Lab. Code § 226(f), 226.3, 558, 1197.1 and 2699(f).) because payments made were erratic, but often occurred weekly, Plaintiffs have assumed that the pay period is weekly, the same as the statutorily defined work week.

   a. Column 1 of Summary Exhibit 1 includes the beginning date of the work weeks worked by named Plaintiff Amelia Marquez.  Column 2 includes the ending date of the work week.  Column 3 includes the number of regular hours worked for each work week.  Column 4 includes the number of overtime hours worked for each work week.  This information was taken from the allegations in the complaint, supported by Ms. Marquez' declaration and assumes 1.5 hours of compensable travel time plus the 6.5 hours of compensable time at the

hotel. This yields a total of 56 hours per work week, 40 of which are payable at the straight time rate and 16 of which are payable at the applicable California overtime rate of one and one-half times the regular rate.

    b.    Column 5 of Summary Exhibit 1 includes the number of straight time hours in Column 3, multiplied by the regular rate of $8.00 per hour (based on the applicable California minimum wage rate). Column 6 of Summary Exhibit 1 includes the number of overtime hours in in Column 4 multiplied by the overtime rate of $12.00 per hour (based on the applicable California minimum wage and overtime rates. Column 7 of Exhibit 1 includes the total wages due for the respective work week, arrived at by adding together straight time and overtime wages in columns 5 and 6.

    c.    Column 8 of Summary Exhibit 1 includes the total wages paid to Plaintiff Marquez. This information is reflected in her declaration and exhibits thereto which included checks, as well as contracts that indicated her or monthly pay rates. In the event that the pay rate was stated as a monthly rate, that amount was multiplied by 12 and then divided by 52 to arrive at a weekly pay rate.

    d.    Column 9 of Summary Exhibit 1 includes the total wages due to Plaintiff Marquez. This was arrived at by subtracting the amount of wages paid (Column 8) from the amount of wages earned (Column 7).

    e.    Column 10 of Summary Exhibit 1 includes the calculation of liquidated damages due pursuant to Cal. Lab. Code § 1197.1. Liquidated damages are only calculated for the 3 year period prior to the filing of the complaint. Therefore, there are no entries in Column 10 prior to the work week ending February 20, 2011. The amount of liquidated damages was calculated by multiplying the number of uncompensated hours per work week (1.5 hours of

travel time per day) times the regular minimum wage rate of $8.00 per hour.  Except that, for any weeks during which Plaintiff was not paid at all, the total minimum wages due for that week (excluding the overtime premium) were included.

  f. Column 11 of Summary Exhibit 1 includes the number of days that Plaintiff did not receive a meal period based on declaration testimony.  Plaintiffs Amelia Marquez, Lorenzo Diego Cano, and Maria Tonayan Reyes have each testified through declaration that they were never provided meal or rest breaks, and they were not paid an additional amount to compensate them for the meal and rest periods that were not provided.  Dec. Marquez ¶16, Dec. Reyes ¶13, Dec. Cano ¶14.  Defendants have offered no evidence to contradict the Plaintiffs' testimony.  Column 12 calculates the premium pay due pursuant to Cal. Labor Code § 226.7 by multiplying the number of denied meal periods by the regular rate of pay of $8.00 per hour.  Because case law has held that this claim is a three-year statute of limitations, not extended by operation of Cal. Bus. & Prof. Code § 17208, Plaintiff seeks only those amounts due beginning in the work week ending after February 19, 2011.

  g. Column 13 of Summary Exhibit 1 includes the number of days that Plaintiff did not receive a rest period based on declaration testimony.  Column 14 calculates the premium pay due pursuant to Cal. Labor Code § 226.7 by multiplying one denied rest periods per day, by the regular rate of pay of $8.00 per hour.  Because case law has held that this claim is a three year statute of limitations, not extended by operation of Cal. Bus. & Prof. Code § 17208, Plaintiff seeks only those amounts due beginning in the work week ending after February 19, 2011.

  h. Column 15 of Summary Exhibit 1 includes a one time calculation (included on the last page of the Exhibit) that includes the amount of waiting time penalties due to Plaintiffs pursuant to Cal. Labor Code § 203.  That amount, is calculated by multiplying the daily hours

worked (8, including transportation time) times the applicable wage rate of $8.00 per hour, multiplied by 30 days.

    i.    Columns 16 - 21 of Summary Exhibit 1 are calculations of the civil penalties due Plaintiff Marquez pursuant to Cal. Labor Code §§ 2699, *et seq.* These "PAGA" penalties accrue from the date of the letter notifying the Labor and Workforce Development Agency and the Employers/Defendants of the violations alleged. That letter is dated May 14, 2013. As this is a penalty statute, a one year statute of limitations has been applied and penalties are claimed from May 14, 2012 through the date of Plaintiffs' last day worked.

    j.    Column 16 of Summary Exhibit 1 includes the penalties for the failure to pay minimum wages due provided by Cal. Lab. Code § 1197.1. Pursuant to that section the amount due and claimed for the first work week of the claimed period is $ 100.00, per pay period, and the amounts due and claimed for each subsequent work week of the claimed period are $250.00 per work week.

    k.    Column 17 of Summary Exhibit 1 includes the penalties provided for in Cal. Lab. Code § 226.3 for the failure to provide wage stubs in violation of Cal. Lab. Code § 226. Pursuant to § 226.3 the amount due and claimed for each work week is $250.00.

    l.    Column 18 of Summary Exhibit 1 includes a one time penalty pursuant to Cal. Lab. Code § 2699(f) for failure to pay all wages due upon termination in violation of Cal. Lab. Code §§ 201 or 202. Pursuant to § 2699(f) the amount due and claimed is a one time penalty of $100.00.

    m.    Column 19 of Summary Exhibit 1 includes the penalties provided for in Cal. Lab. Code § 558 for failure to pay overtime as mandated by the applicable Wage Order. Pursuant to that section the amount due and claimed for the first week is $50.00. The amounts due and claimed for each subsequent week is $100.00.

n.    Column 20 of Summary Exhibit 1 includes the penalties provided for in Cal. Lab. Code § 558 for failure to pay the premium pay due when a meal period mandated by the applicable Wage Order and Cal. Labor Code § 226.7 was not provided.  Pursuant to that section the amount due and claimed for the first week is $50.00.  The amounts due and claimed for each subsequent week is $100.00.

o.    Column 21 of Summary Exhibit 1 includes the penalties provided for in Cal. Lab. Code § 558 for failure to pay the premium pay due when a rest period mandated by the applicable Wage Order and Cal. Labor Code § 226.7 was not provided.  Pursuant to that section the amount due and claimed for the first week is $50.00.  The amounts due and claimed for each subsequent week is $100.00.

p.    Column 22 of Summary Exhibit 1 includes the damages available for failure to provide wage stubs as required by Cal. Lab. Code § 226.  Pursuant to that statute damages are calculated Although Plaintiffs assert that this is a statutory damage and not a penalty, because case law has held that this award is subject to a one year statute of limitations, it has been calculated only for those work weeks ending after February 19, 2013.

q.    The total wages, civil penalties, statutory damages and statutory penalties due Plaintiff Marquez are totaled on the last page of Summary Exhibit 1, by category.  For each PAGA penalty only 25% of the amount due is credited to Plaintiff Marquez, the remaining 75% is allocated to the Labor and Workforce Development Agency (LWDA) as reflected in the lines entitled "TOTAL DUE NON-PAGA"; "PAGA PENALTIES EMPLOYEE SHARE"; "PAGA PENALTIES LWDA SHARE".

4.    Attached as **Summary Exhibit 2** is the spreadsheet which is a summary of the evidence as to the underpaid wages, liquidated damages, statutory penalties and civil PAGA penalties due Plaintiffs Lorenzo Diego Cano and Maria Tonayan Reyes.   Plaintiffs have

established by declaration that they worked for Defendants between February 19, 2010 and March 2, 2013 and suffered labor law violations during that time. Various statutory penalties, civil penalties and statutory damages are calculated on a pay period basis (Cal. Lab. Code § 226(f), 226.3, 558, 1197.1 and 2699(f).) because payments made were erratic, but often occurred weekly, Plaintiffs have assumed that the pay period is weekly, the same as the statutorily defined work week.

    a.    The information included in Summary Exhibit 2 is taken from the allegations in the complaint and declaration testimony of Amelia Marquez as well as that of Lorenzo Diego Cano and Maria Tonayan Reyes. Cano and Reyes each worked the same days and hours as Amelia Marquez, and the amounts claimed for their overlapping work weeks are the same.

    b.    The days and weeks worked and damages and penalties due Plaintiff Cano April 22, 2012 through the workweek ending September 1, 2012 are reflected in the first section of Summary Exhibit 2. The days and weeks worked, and damages and penalties due Plaintiff Reyes are reflected in the second section of Summary Exhibit 2.

    c.    The third section of Summary Exhibit 2 includes the PAGA penalties only due the additional other aggrieved employee(s) who were employed between May 13, 2012 and September 1, 2012, when Plaintiff's work overlapped and there was only one additional worker on the crew. While these calculations assume one person working and due penalties, Plaintiffs are aware that it is likely that more than one other aggrieved employee worked during this period of time, but have no way of determining how many.

    d.    The fourth section of Summary Exhibit 2 includes the PAGA penalties only due the additional two other aggrieved employees who were employed between September 2, 2012 and March 3, 2013 when only Plaintiff Marquez' work overlapped and there were two additional workers on the crew. One of the workers during this period would have been

Plaintiff Aaron Lugo Hernandez. While these calculations assume two additional persons working and due penalties, Plaintiffs are aware that it is likely that more than two other aggrieved employees worked during this period of time, but have no way of determining how many. The calculations per work week are based on one worker. That amount is doubled for the purposes of determining the amounts due to other aggrieved employees and the LWDA to account for the two additional crew members. That is reflected in the line titled: "Multiplied by 2 employees per pay period".

  e. Columns 1 through 21 of Summary Exhibit 2 include the same information, and calculations as contained in Columns 1 through 21 of Summary Exhibit 1. Summary Exhibit 2 does not include Column 22 for statutory penalties pursuant to Cal. Lab. Code § 226(f) pay for Plaintiffs Cano or Tonayan because they did not work within the one year of the filing of the complaint in this action. While Plaintiffs believe that the applicable statute of limitations for this statutory damage should be three years, they have applied the one year statute of limitations generally recognized by courts in the Ninth Circuit.

  f. Plaintiffs Cano and Tonayan are credited with the same wages and penalties allocated to Plaintiff Marquez for the weeks when their work overlapped.

  g. The total wages, civil penalties, statutory damages and statutory penalties due Plaintiffs Cano and Tonayan are totaled on Summary Exhibit 2, by category. For each PAGA penalty only 25% of the amount due is credited to each Plaintiff and the PAGA. Those totals are reflected at the bottom of each section and titled: "TOTAL DUE LORENZO DIEGO CANO"; "TOTAL DUE LWDA" and "TOTAL DUE MARIA TONAYAN REYES" and "TOTAL DUE LWDA", respectively.

  h. The PAGA penalties due other aggrieved employees are also totaled in each section and allocated 25% to the aggrieved employees and 75% to the LWDA, as reflected in

the columns entitled: "TOTAL DUE AGGRIEVED EMPLOYEES" and "TOTAL DUE LWDA" in each section.

5. I was admitted to practice in California in 1979 and have over 35 years of experience as a labor and employment rights attorney. I have litigated in hundreds of administrative and judicial proceedings on behalf of low wage workers. I am a recognized expert on the PAGA statutes and have presented at several MCLE sessions hosted by the California State Bar Association, Alameda County Bar Association and the California Employment Lawyers Association, among others. I recently authored the section on PAGA on the soon to be published Desk Book for California Superior Court Judges. I have been employed by California Rural Legal Assistance, Inc. (CRLA) since 1976. I am one of two Directors of Litigation, Advocacy & Training at California Rural Legal Assistance, Inc. As a non-profit we do not have a partnership structure, however this represents the most senior litigation position in our statewide legal services firm.

6. I have been co-counsel on this case since its inception, but have not served as lead counsel. I have reviewed my time records and the hours expended in this case as reflected in the Declaration of Phyllis Katz in Support of the Motion for Default. I maintain contemporaneous time records and the hours included reflect actual time spent working on the case. I have reviewed attorneys' fees awards entered by courts in the Northern, Eastern and Southern District Courts and believe that the $750.00 requested rate is reasonable based on those awards, particularly in this district, my years of experience and level of expertise. Additionally, this rate is within the Laffey Matrix for an attorney of my experience during all of the years for which my time was billed (http://www.laffeymatrix.com/see.html). Most recently the U.S. District Court for the Southern District of California awarded fees based on my work on a school free speech at the rate of $650.00 per hour. (*See*, V.*A. v. San Pasqual*

*Valley Unified School District et al* Case 3:17-cv-02471-BAS-AGS, ECF Document 35 Filed 08/17/18 Page 1, referring to MOTION for Attorney Fees by V.A.. EDF Document 31, 4, filed 6/1/2018). We requested fees at this rate based on the fact that the litigation was not in my specific area of expertise and based on my co-counsel's regular billing rate for that area. 7.

Former CRLA attorney Elena Dineen served as counsel in this case from 2014 through March 21, 2016 and then left CRLA. Ms. Dineen attended University of San Francisco School of Law and was admitted to practice in 2009. During the time that she worked on the case Ms. Dineen was the Directing Attorney of the Salinas Basic Unit of CRLA. Within our organizational structure she was the equivalent of a managing attorney of a local office in private practice. Ms. Dineen's experience included unlawful detainer trials, writ proceedings under state law and a variety of actions and administrative proceedings involving education and employment rights. She was responsible for much of the direct client contact on the case and drafting of pleadings and discovery. We originally requested a rate of $450.00 for Ms. Dineen based on my review of attorneys fees cases in various jurisdictions. I have since reviewed the Laffey Matrix which indicates a range of $393.00 to $406.00 per hour for an attorney of comparable experience for the years 2014 through 2016. Although I believe that the rate of $450.00 was appropriate given the complexity of the multi-employer issues in this case, for the purpose of this amended motion we are reducing the requested rate to $400.00 per hour.

8, Former CRLA attorney Maureen Keffer served as lead counsel in this case from 2014 through January 11, 2017 and then left CRLA. Ms. Keffer attended Stanford Law School and was admitted to practice in 2011. During the time that she worked on the case Ms. Keffer was the Director of CRLA's Indigenous Worker Project. Within our organizational structure she was the equivalent of the managing attorney of a specialized practice area. Ms. Keffer's

experience included litigation of employment and language access issues. She served on the Access to Justice Advisory Committee to the California Judicial Council. As lead counsel she oversaw the investigation of the case and was primarily responsible for drafting the complaint, most discovery and most court filings, including the requests for entry of default. We originally requested a rate of $450.00 for Ms. Keffer based on my review of attorneys fees cases in various jurisdictions. I have since reviewed the Laffey Matrix which indicates a range of $312.00 to $421.00 per hour for an attorney of comparable experience for the years 2014 through 2017. I believe that the rate of $450.00 was appropriate given the complexity of the multi-employer issues in this case, the position Ms. Keffer held within the CRLA structure, and the particular expertise Ms. Keffer brought given that some of the named plaintiffs were indigenous. However, for the purpose of this amended motion we are reducing the requested rate to $400.00 per hour.

9. I have also reviewed the Laffey Matrix with respect to the requested rate for Phyllis Katz. Based on Ms. Katz' admission date of December 1988, the requested rate of $550.00 per hour falls well within the Laffey Matrix range of reasonable fees as well as the range of fees awarded in the various cases I reviewed.

10. I reviewed the billing records for all counsel in this case for the purpose of determining whether there is duplication and/or expended time not necessary to obtain the information necessary to obtain this default judgment. In my view there was some duplication of time that resulted from the change in lead counsel on the case. I estimate that it would take many CRLA attorney hours, and consultation with Ms. Dineen and Ms. Keffer, who no longer work for CRLA, in order to address those issues by eliminating hours. I also calculated what the percentage of recovery would be if this were a share of fund case. Based on these reviews Plaintiffs are proposing a 50% reduction – or a negative multiplier of .50 -- to the total fees

lodestar. Reduction by this amount will address any duplication of hours.

11. To assist the court, I have added the total amounts due for Plaintiffs, other aggrieved employees and the LWDA and summarized them in the spread sheet attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and based upon my personal knowledge. Executed on November 12, 2018 at Oakland, California, in and for the County of Alameda.

       /s/CYNTHIA L. RICE